Opinion by KINCHELOE, J.   It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056.   In accordance therewith the protests were sustained as claimed.

**No. 51224.**—Protest 27745–K of Siegfried & Co. (Seattle).

Opinion by KINCHELOE, J.   From the testimony it was shown that the imported articles are pasted at the seam; that the end panels are open and that they have the shape of a box or carton, but in their imported condition are incapable of the ordinary use of a box as a container.   On the authority of *Coty* v. *United States* (T. D. 43030), the merchandise represented by items 117 and 118 on the invoice covered by entry 2488 was held dutiable at 30 percent under paragraph 1413 as "cardboard * * * cut or shaped for boxes or other articles, plain or printed, but not lithographed, and not specially provided for."   The protest was overruled in all other respects.

**No. 51225.**—Protests 893264–G, etc., of Exporters Service Corp. (New York).

Opinion by KINCHELOE, J.   An examination of the record in each instance failing to disclose any error in the action of the collector, the protests were overruled.

BEFORE THE THIRD DIVISION, JUNE 28, 1946

**No. 51226.**—Protests 26288–K, etc., of S. A. Haram et al. (New York).

Opinion by CLINE, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 51227.**—Protests 42242–K, etc., of Uddo Taormina Corp. (New York).

Opinion by KEEFE, J.   It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese.   The protests were sustained to this extent.

**No. 51228.**—Protests 55658–K, etc., of L. Trachman et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51229.**—Protests 50748–K, etc., of G. Cuccia & Sons, Inc., et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51230.**—Protests 38118–K, etc., of Andrew Makris & Bros. et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51231.**—Protests 92977–K, etc., of Eugenio Lang, Inc., et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.

**No. 51232.**—Protests 86836–K, etc., of Tupman Thurlow Co., Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and following the decisions cited the following allowances were made to compensate for the weight of the inedible substance on the outside of the cheese: (1) 2½ percent for the cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706), Abstract 42146, and Abstract 48269; and (2) 1 percent for the cheese similar to the Reggiano cheese the subject of *Scaramelli* v. *United States, supra.* The protests were sustained to this extent.